UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:20-cv-02076-SEB-MG |
| ) | |
| EASON CONSTRUCTION LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFAULT JUDGMENT**

Plaintiffs Mark McCleskey, Trustee, and Indiana State Council of Plasterers and Cement Masons Health and Welfare and Pension Funds ("the Funds") filed this lawsuit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendant Eason Construction LLC ("Eason"), seeking to recover unpaid contributions owed to the Funds on behalf of its employees. After Eason failed to answer the complaint, file any other responsive pleading, or otherwise defend this action, Plaintiffs sought and obtained a Clerk's default, which was entered on September 29, 2020.

Following the Clerk's entry of default, on October 16, 2020, upon a motion filed by Plaintiffs, the Court ordered Eason to produce within thirty days payroll records for June 13, 2019 through the present for examination by Plaintiffs' auditor. Having received the necessary documents, Plaintiffs now seek a default judgment against Eason [Dkt. 11], pursuant to Federal Rule of Civil Procedure 55, in the sum of $165,365.45 for delinquent contributions, liquidated damages, late charges, interest, and audit costs. That motion is

supported by the affidavit of a representative of the firm that performed the compliance audit for Plaintiffs.

For the reasons detailed below, Plaintiffs' Motion is **GRANTED**. Plaintiffs are awarded damages as set forth below.

## Facts Established by the Complaint

The following facts are set forth in the complaint and taken as true in light of the entry of default:

The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals ("the Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, other applicable state and federal laws, and the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

Eason is an employer engaged in an industry affecting commerce that employs individuals represented by the Union. Eason is bound to make contributions for hours and weeks worked by all its employees and by those subcontractors who perform work which would otherwise be performed by employees. Since on or before June 13, 2019, Eason has been bound to make contributions to the Funds by submitting monthly report forms to the Funds on behalf of bargaining unit employees covered by the Plasterers Local 3 Collective Bargaining Agreement. By virtue of certain provisions contained in the collective bargaining agreements, Eason is bound by the Trust Agreements

establishing the Funds.  Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, Eason is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining its compliance with its obligation to contribute to the Funds.

Beginning on or about June 13, 2019, Eason failed to make certain of the contributions it is required to pay to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

## Discussion

Here, default was entered against Eason on September 29, 2020.  Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must now determine damages.  *See* Fed. R. Civ. P. 55(b).

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).  Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*  Because "damages must be proved unless they are liquidated or capable of calculation," *Wehrs*, 688 F.3d at 892, the court is required to hold a damage hearing unless "the amount claimed is

liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Because the damages here are ascertainable and definite based on the affidavit and documentation accompanying Plaintiffs' request for default judgment, no hearing on damages is necessary.

Richard J. Wolf, President of the auditing firm of Richard J. Wolf and Company, Inc., submitted an affidavit in support of Plaintiffs' request for judgment, averring that, for the period extending from June 13, 2019 through September 30, 2020, the audit report for the Funds found arrears owing in the amount of $148,775.51 for delinquent benefit contributions, $14,877.55 in liquidated damages, which are assessed at 10% of all delinquent contributions, $173.94 in Pension Late Charges, and $18.45 in Pension Interest. Mr. Wolf further averred that his firm charged the Funds $1,520.00 to perform the required audit.

## Conclusion

For the foregoing reasons, Plaintiffs' request for default judgment [Dkt. 11] is GRANTED. Judgment will be entered in this case in favor of Plaintiffs and against Eason Construction LLC in the amount of $165,365.45, which includes arrears, audit costs, and liquidated damages of 10%, together with post-judgment interest as provided by law.

IT IS SO ORDERED.

Date: _____4/27/2021_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donald D. Schwartz
ARNOLD & KADJAN
dds@aandklaw.com

EASON CONSTRUCTION LLC
C/O ITS REGISTERED AGENT, ROB SOETE
3019 A MAGNOLIA AVENUE
SAINT LOUIS, MISSOURI 63118